| **Albino v Bender** |
|:---:|
| 2024 NY Slip Op 33671(U) |
| October 4, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 523205/2022 |
| Judge: Ingrid Joseph |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Part 83 of the Supreme Court of
the State of New York held in and for the
County of Kings at 360 Adams Street,
Brooklyn, New York, on the ___4th___ day
of _October_ 2024.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF KINGS

-------------------------------------------------------------------------X

ARIADNA ALBINO,

                          Plaintiff(s)

        -against-

ELATERINI BENDER, JOHN DOE, and FICTITIOUS
CORPORATIONS 1-10,

                          Defendant(s)

-------------------------------------------------------------------------X

**Index No**: 523205/2022
**Motion Seq**. 5-6

**ORDER**

| The following e-filed papers read herein: | NYSCEF Nos.: |
|---|---|
| Notice of Motion/Affidavits Annexed | |
| Exhibits Annexed/Reply……….. | 52-62; 86-87 |
| Affirmation in Opposition/Affidavits Annexed/Exhibits Annexed………… | 72-77 |
| Notice of Motion/Affidavits Annexed | |
| Exhibits Annexed/Reply……….. | 63-70; 88 |
| Affirmation in Opposition/Affidavits Annexed/Exhibits Annexed………… | 78-84 |

In this action, Ariadna Albino ("Plaintiff") moves (Motion Seq 5) for summary judgment pursuant to CPLR 3212 on the issue of liability against Elaterini Bender ("Defendant") and to strike Defendant's affirmative defense of comparative negligence. Defendant has opposed the motion on the ground that Plaintiff has not established her burden for summary judgment and that triable issues of fact are present warranting a trial. Additionally, Plaintiff moves (Motion Seq. 6) to quash Defendant's judicial subpoena duces tecum staying the deposition of the non-party Witness Ahmed Hussein ("Hussein") pursuant to CPLR 2303, 2304, and 3106 and for a protective order pursuant to CPLR 3103(a). Defendant has opposed the motion.

This action arises from an alleged motor vehicle collision that occurred on October 19, 2021, wherein Plaintiff, a pedestrian, alleges that she was struck from behind by a 2020 Honda motor vehicle bearing a New Jersey State license plate number L61NCL while crossing the intersection at 90th Street and 3rd Avenue in Brooklyn, New York. 3rd Avenue is a two-way street with lanes of travel going north and south with parking on both sides of the street. There is no traffic control device at the intersection.

In support of her motion, Plaintiff argues that Defendant violated Vehicle and Traffic Laws ("VTL") 1151(a), 1146(a), 1163(a), and 1128(a) and was the sole proximate cause of the accident. Plaintiff submits an affidavit wherein she states that on the date of the accident, upon entering the intersection, she stopped and looked ahead on 3rd Avenue for any approaching vehicles attempting to turn left from 3rd Avenue onto 90th Street. Plaintiff states that she also looked left and behind her for any vehicles attempting

1

[* 1]

to make a right turn from 3rd Avenue onto 90th Street. Plaintiff asserts that she observed no vehicles attempting to make any turns and that it was safe to cross. Plaintiff alleges that she stepped off the sidewalk into the crosswalk and proceeded to cross the street, and that when she was approximately halfway across the intersection that she was struck from behind by Defendant's vehicle. Plaintiff contends that she was completely in the crosswalk at the time of the accident and states that she only became aware of Defendant's vehicle approximately one second or less before the collision. Plaintiff asserts that she did not have time to react or avoid the collision. Plaintiff alleges that Defendant's vehicle hit her left hip and the back of her left leg causing her to fall to the ground. Plaintiff states that while on the ground, she observed Defendant's vehicle – a black Honda driven by a woman – finishing a right-hand turn from 3rd Avenue onto 90th Street. Plaintiff states that after the collision, the operator of Defendant's vehicle stopped and had a brief conversation with her before fleeing the scene. Additionally, Plaintiff submits an affidavit of non-party witness Hussein and Google Maps photos of the intersection.

In his affidavit, Hussein states that on the date of the accident, he was walking east on 90th Street on the north side of the road towards 3rd Avenue. Hussein asserts that he was about 15 feet from 3rd Avenue when he saw a woman enter the crosswalk at the intersection heading from his left to right, and that as the woman was approximately halfway through the crosswalk, he saw a black Honda make a right hand turn off 3rd Avenue onto 90th Street. Hussein states that he saw the vehicle strike the pedestrian knocking her to the ground. Hussein contends thereafter that he called 911 and that he took a photo of the vehicle's license plate after the operator stopped and was having a conversation with the pedestrian. Hussein states that he stayed on the scene until the police arrived wherein, he gave a statement and provided his photograph to the officer.

In opposition, Defendant argues that Plaintiff's motion for summary judgment should be denied because Defendant's liability has not been established as a matter of law. Defendant asserts that Plaintiff assumes all major relevant facts including that Defendant was driving and/or that someone else was driving the subject vehicle with Defendant's permission and/or that the subject vehicle was even involved in the accident. Defendant states that Plaintiff's complaint nor affidavit does not allege that Defendant was driving the vehicle at the time and place of the accident. Additionally, Defendant states that Plaintiff failed to establish that Defendant gave permission to anyone else to drive the subject vehicle. Defendant contends that Plaintiff alleges that "John Doe" operated a 2020 Honda vehicle bearing a New Jersey license plate #L61NCL at the time of the accident with Defendants permission but fails to establish that the vehicle was actually involved. Defendant claims that the submitted Notice to Admit does not establish that Defendant's vehicle was involved because Defendant admitted not that she owned the alleged vehicle involved, but rather that she owns a 2020 Honda with New Jersey license plate #L61NCL. Additionally, Defendant argues that Plaintiff's affidavit and Google Maps image should not be considered because Plaintiff's affidavit is

[* 2]

self-serving and conclusory and because Plaintiff never served a Notice of Intention to offer any Google Maps images into evidence as required by CPLR 4532-b, thus it is inadmissible. Defendant argues that Plaintiff's affidavit is insufficient because she states that she did not observe any vehicles approaching, heard no horn, tires or breaks, and only identifies a black Honda but does not give any other infomation regarding the vehicle or driver. Defendant also argues that Plaintiff's affidavit is contradictory because she states she did not observe any vehicles making a turn but also that she saw the vehicle one second or less before the contact. Defendant argues that Plaintiff's concession that she did not see the vehicle raises a factual question of her reasonable care because she had a duty to see what there was to be seen. With respect to Hussein's affidavit, Defendant argues that it should not be considered because it was drafted by Plaintiff or someone else on her behalf and that it misspells the witness's name. Defendant contends that Hussein's photograph should not be considered because it is insufficient since it does not show the vehicle in the intersection and is not dated.

Furthermore, Defendant asserts that Plaintiff moved for summary judgment before depositions were conducted. Defendant states that she served a subpoena on Hussein for a deposition which was scheduled on or before October 16, 2023, and that Plaintiff moved to quash the subpoena the day before the scheduled deposition, thus there is outstanding discovery precluding Plaintiff's entitlement to summary judgment. Additionally, Defendant contends that her affidavit raises triable issues of fact in this matter. In her affidavit, Defendant states that neither she nor her vehicle were involved in this accident and that upon information and belief, no on else drove her vehicle nor did she give anyone permission to drive her vehicle, on the date of the accident.

It is well established that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Ayotte v. Gervasio*, 81 NY2d 1062, 1063 [1993], *citing Alvarez v. Prospect Hospital*, 68 NY2d 320, 324 [1986]; *Zapata v. Buitriago*, 107 AD3d 977 [2d Dept 2013]). Once a prima facie demonstration has been made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action. (*Zuckerman v. City of New York*, 49 NY2d 557 [1980]).

Summary judgment is a drastic remedy which should not be granted where there is any doubt as to the existence of a triable issue or where the issue is even arguable (*Elzer v. Nassau County*, 111 A.D.2d 212, [2d Dept. 1985]; *Steven v. Parker*, 99 AD2d 649, [2d Dept. 1984]; *Galeta v. New York News, Inc.*, 95 AD2d 325, [1st Dept. 1983]). When deciding a summary judgment motion, the Court must construe facts in the light most favorable to the non-moving party (*Marine Midland Bank N.A. v. Dino & Artie's Automatic Transmission Co.*, 168 AD2d 610 [2d Dept. 1990]; *Rebecchi v. Whitemore*, 172 AD2d 600 [2d Dept. 1991]).

3

[* 3]

While a Plaintiff does not bear the burden to establish the absence of his own comparative fault, Plaintiff still has the burden of establishing Defendant's liability as a matter of law (*Seizeme v Levy*, 208AD3d 809 [2d Dept. 2022]; *Rodriguez v Ciry of New York*, 31 NY3d 312 323-324 [2018]; *Poon v Nisanov*, 162 AD3d 804 [2d Dept. 2018]; see also *Sapienza v Harrison*, 191 AD3d 1028 [2d Dept. 2021]). If the plaintiff fails to demonstrate, prima facie, that the operator of the allegedly offending vehicle was at fault, or if triable issues of fact are raised by the defendants in opposition, summary judgment on the issue of liability must be denied (see *Dooley* at 164; *Quintero v Boyle*, 221 AD3d 925 [2d Dept. 2023]; *Guido v Gadnese*, 214 AD3d 715 [2d Dept. 2023]; *Wise v Boyd Bros. Transportation, Inc.*, 194 AD3d 1096 [2d Dept. 2021]; *Criollo v Maggies Paratransit Corp.*, 155 AD3d 683 [2d Dept. 2017]; *Phillip v D & D Carting Co., Inc.*, 136 AD3d 18 [2d Dept. 2015]; *Heath v Liberato*, 82 AD3d 841 [2d Dept. 2011]).

Vehicle and Traffic Law 388(1) provides that, with the exception of bona fide commercial lessors, which are exempt from vicarious liability under federal law, the owner of a vehicle shall be liable for the negligence of any person using or operating the vehicle with the permission, express or implied, of the owner (see also *Shepard v Power*. 190 AD3d 63 [2d Dept. 2020]). Proof of ownership of a motor vehicle creates the presumption that any driver of a vehicle is using the vehicle with the owner's consent (*Murdza v Zimmerman*, 99 NY2d 375 [2003]; *Leotta v Plessinger*, 8 NY2d 449 [1960]). However, this presumption may be rebutted by substantial evidence sufficient to show that a vehicle was operated without the owner's consent (*Murdza* at 380; *Minuk Han v BJ Laura & Son, Inc.*, 122 AD3d 591 [2d Dept. 2014]; *Flores v Newman*, 28 Misc.3d1216(a) [Sup. Court Kings County 2010]). Substantial evidence of non-permissive use may include: an affidavit to the owner's insurance company, a report of theft to the police, an accident report, and proof that the driver fled the scene as well as an affidavit of the driver (*Flores* at 1; see *McDonald v. Rose*, 37 AD3d 781 [2nd Dept.2007]; *Country Wide Ins. Co. v. National R.R. Passenger Corp.*, 6 NY3d 172 [2006], *Murphy v. Carnisi*, 30 AD3d 570 [2nd Dept. 2006]).

VTL 1151(a) states:

(a) When traffic-control signals are not in place or not in operation the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk on the roadway upon which the vehicle is traveling, except that any pedestrian crossing a roadway at a point where a pedestrian tunnel or overpass has been provided shall yield the right of way to all vehicles.

VTL 1163(a) states:

(a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section eleven hundred sixty, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided.

VTL 1146(a) states:

(a) Notwithstanding the provisions of any other law to the contrary, every driver of a vehicle shall exercise due care to avoid colliding with any…pedestrian…

VTL 1128(a) states:

Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply:

(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

Photographs submitted in support or in opposition to a motion for summary judgment must be authenticated and be accompanied by the requisite foundation (*Read v Ellenville Nat. Bank*, 20 AD3d 408 [2d Dept. 2005]; *Wesserman v Genovese Drug Store, Inc.*, 282 AD2d 447 [2d Dept. 2001]; *Saks v Yeshiva of Spring Valley, Inc.*, 257 AD2d 615 [2d Dept. 1999]). Authentication, with regard to photographs, generally requires evidence that the photographs being proffered fairly and accurately represent the condition depicted by said photographs (*Read* at 409; *Charlip v City of New York*, 249 AD 432 [2d Dept. 1998]; see also *Keene v Rosas*, 215 AD 3d 938 [2d Dept. 2023]). Similarly, CPLR 4532-b, authorizes a trial court to take "judicial notice" of an "image, map, location, distance, calculation, or other information taken from a web mapping service, a global satellite imaging site, or an internet mapping tool "that bears the date it was created, unless it "does not fairly and accurately portray that which it is being offered to prove."

Here, the Court finds that Plaintiff has not satisfied her prima facie burden for entitlement to summary judgment. The party affidavits submitted herein put at issue whether the subject vehicle and/or Defendant were involved in an accident at the subject intersection on October 19, 2021.[1] With respect to the submitted affidavit and photograph of non-party witness Hussein, the credibility of a witness is to be determined by the trier of fact. While the location of the intersection itself is not disputed, the submitted photograph, whether admissible or not, does not definitely depict the background location of the subject vehicle nor does it depict the subject vehicle in the intersection in question. Additionally, with respect to the submitted Google Maps image, Plaintiff has failed to provide sufficient notice of her intention to offer the image as evidence as required pursuant to CPLR 4532-b. Assuming arguendo that Plaintiff had given the proper notice, while the Google Maps image may fairly and accurately depict the intersection at question, it does not establish that Defendant and/or the subject vehicle were present and involved in an accident on October 19, 2021.

---

[1] The court notes that while Defendant's affidavit improperly states that her statements are "upon information and belief," the affidavit is duly sworn to and notarized.

[* 5]

Furthermore, Plaintiff's motion to quash the non-party witness subpoena, which is now expired, and for a protective order staying the deposition of Husein until Plaintiff's summary judgment motion is decided are denied as moot.

Accordingly, it is hereby,

ORDERED, that Plaintiff's motion (Motion Seq. 5) for summary judgment is denied, and it is further,

ORDERED, that Plaintiff's motion (Motion Seq. 6) to quash the non-party witness subpoena and for a protective order staying the deposition of Husein is denied as moot. Defendant is granted opportunity to serve a new subpoena on Hussein, and parties shall schedule the necessary depositions.

This constitutes the decision and order of the court.

_____
Hon. Ingrid Joseph J.S.C.

**Hon. Ingrid Joseph**
**Supreme Court Justice**

[* 6]